IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PRABJOT SINGH DHILLON,

Petitioner,

vs.

U.S. DEPARTMENT OF
HOMELAND SECURITY and
UNITED STATES ATTORNEY
GENERAL,

Respondents.

7:26-CV-5006

ORDER

The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. But the petitioner failed to name his immediate custodian, the warden of the McCook Detention Center, as a respondent.

The Supreme Court has explained that "in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Here, the petitioner has named federal respondents who may be said to exercise the "legal reality of control" over him. *See id.* at 439. But to the extent that the petitioner challenges his present physical confinement, then his immediate custodian is the proper respondent.

An application for a writ of habeas corpus may be amended or supplemented as provided in the Federal Rules of Civil Procedure. 28 U.S.C. § 2242. Accordingly, the Court will provide the petitioner with leave to file an amended petition naming Carolyn Sommer, in her official capacity as Acting Warden of the McCook Detention Center, as an additional respondent. And

because the clerk is to serve the petition on the respondent,[1] the Court will direct the clerk to add Sommer to the docket as an interested party in order to effect electronic service of the amended petition.

IT IS ORDERED:

1.    The Clerk of the Court shall, before docketing this order, add Carolyn Sommer, in her official capacity as Acting Warden of the McCook Detention Center, as an interested party, represented by Assistant Attorney General Justin J. Hall of the Nebraska Attorney General's office.

2.    The petitioner shall file an amended petition naming Sommer as an additional respondent on or before March 23, 2026.

Dated this 13th day of March, 2026.

BY THE COURT:

_John M. Gerrard_

John M. Gerrard
Senior United States District Judge

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.