IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PRABJOT SINGH DHILLON,

Petitioner,

vs.

CAROLYN SOMMER, in her capacity
as Acting Warden of McCook
Detention Center, et al.,

Respondents.

7:26-CV-5006

MEMORANDUM AND ORDER
CONDITIONALLY GRANTING
PETITION FOR WRIT OF
HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. He contends his detention is unlawful because he was denied a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 18. The government responds that detention is mandatory, not discretionary, and the petitioner is not eligible to be released. *See* filing 14.

The briefing demonstrates that the petitioner's application for the writ only presents issue of law—and the government concedes this point, *see* filing 14 at 19—so the Court declines to hold a hearing. *See* § 2243. The Court will conditionally grant the petition for the reasons thoroughly articulated by the undersigned in *Velasco Hurtado v. Bondi*, No. 0:26-CV-546, 2026 WL 184884 (D. Minn. Jan. 24, 2026). The Court elects to order a bond hearing, rather than outright release, for the reasons articulated by the undersigned in *Salazar v. Noem*, No. 4:26-CV-3045, 2026 WL 458304 (D. Neb. Feb. 18, 2026). The petitioner shall be told about the hearing in advance, and shall have the opportunity offer evidence to support reasons for his release. *See Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026).

IT IS ORDERED:

1.   The Amended Petition for Writ of Habeas Corpus (filing 18) is conditionally granted.

2.   The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before March 27, 2026**.

3.   If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.   **On or before March 30, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 20th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

2